GEORGE. K. COLEMAN, RECEIVER OF THINGS IN ACTION OF WIGHTMAN ET AL., v. ERASTUS W. ROFF.

An assignment of choses in action, made by a defendant in execution after proceedings for discovery taken under the act relating to executions, made to an assignee having notice of such proceedings, is void as against a receiver subsequently appointed.

In *assumpsit.*

This was an action of *assumpsit* brought by Coleman, the plaintiff, as receiver of the property and things in action of Joseph H. and Daniel·C. Wightman, against Erastus W. Roff. Coleman was appointed receiver by the judge of the Essex Circuit, under proceedings supplementary to execution in a

cause wherein Semon Bache and others were plaintiffs and the said Joseph H. and Daniel C. Wightman were defendants, and this suit was brought to recover certain moneys collected by the defendant in this cause upon several leases which had been assigned to him by the Wightmans.

The case was tried at the Essex Circuit, May 4th, 1882, before a jury.

The proof in the case disclosed that judgment was entered in Bache et al. *v.* Wightman on July 28th, 1879, for $647.24 damages and costs. Execution was issued the same day, and returned unsatisfied by the sheriff of Essex county on July 29th, 1879. On the last-mentioned date an order was made by the Circuit judge requiring the defendants to appear before a commissioner and make discovery concerning their property and things in action. This order was served upon the defendants on July 29th, 1879, and they appeared and were examined. The examination disclosed the fact that the leases in question were, at the close of the examination, the property of the defendants (the Wightmans) who were collecting the rents.

On August 11th, 1879, the plaintiff was appointed receiver.

The defendant in this suit (Roff) had obtained a judgment by confession against the Wightmans upon April 16th, 1879, for $716.25, upon which he had caused execution to be issued the same day, and a levy to be made upon certain real estate belonging to the Wightmans, which levy he still retained at the time Coleman was appointed receiver in the Bache case.

The Wightmans were engaged in a manufacturing business requiring power, and Roff, who occupied the adjoining premises, had furnished the power for many years. The substantial consideration for the confessed judgment by them to him was rent due for this power. It was also in evidence that Roff knew of the pendency of the supplementary proceedings in the Bache suit, and that, on August 9th, 1879, he heard that a receiver was to be appointed, and, as he expressed it, "knew that if one was appointed he would take everything;" that on

Coleman v. Roff.

hearing that a receiver was to be appointed, he went, upon the same day, August 9th, 1879, to the Wightmans and procured from them, upon demand for additional security, an assignment of all the leases they then held, as collateral security for the payment of his judgment—they stating that these leases were all the property they had—and he subsequently collected upon them, between August 9th, 1879, and April 1st, 1880, $626.98, and refused, upon demand, to pay the same over to the receiver.

At the conclusion of the evidence plaintiff's counsel asked the court to overrule the defence and direct a verdict for the plaintiff for the amount of rent collected.

The court instructed the jury to find a verdict for the plaintiff for $708 ($626.98, with interest,) subject to the opinion of the Supreme Court as to the proper construction of the clause in the act authorizing proceedings for discovery which authorizes the receiver "to receive, &c., the property and things in action belonging or due to, or held in trust for the defendants at the time of the issuing of execution, or at any time afterwards," and as to the effect upon the assignment of the leases in question, of the commencement of supplementary proceedings, and of the fact that the defendant, Roff, had notice prior to said assignment, of the pendency thereof to reach said leases, and of the fact that a receiver was about to be appointed.

Judgment to be entered upon the verdict, for the plaintiff, if the court should be of opinion that the title of the receiver related back to the time of issuing of execution, or that a lien was acquired upon the choses in action of the ,defendants in the Bache suit by the commencement of proceedings for discovery, which culminated in the appointment of a receiver, of which proceedings and application for such appointment the defendant, Roff, had notice prior to the taking of the assignment; otherwise, for the defendant.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and PARKER.

Coleman v. Roff.

For the plaintiff, *W. G. Cumming* and *F. E. Bradner*.

For the defendant, *J. H. Stone*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case comes from the Essex Circuit for the advisory opinion of this court touching the proper construction of the twenty-sixth section of the "Act respecting executions," (*Rev., p.* 394,) so far as the same relates to the title to the choses in action of the debtor which is vested thereby in the receiver. But it is to be observed that this court is not asked to expound this legislative provision in all its applications, but in the single aspect arising from the circumstances of a defendant in execution, after an order had been served on him to make discovery by virtue of the act in question, having passed over in payment of a just debt to a creditor, cognizant of such proceeding, certain of his things in action. The defendant in this suit acquired his title to the property in dispute from the defendant in execution, with knowledge of the order for discovery, but antecedently to the appointment of a receiver. The inquiry is whether such title prevails over the right of the receiver subsequently constituted.

In the case of *Journeay* v. *Brown*, 2 *Dutcher* 111, it was intimated that the provision now to be construed " seems plainly to contemplate that the proceedings under it shall prevent the debtor from making any disposition of his property while they are pending," and this, it appears to me, is the correct view of the subject. Indeed, it is the only view which can be adopted consistently with the fundamental rule of statutory interpretation, which forbids the excision from a statute of plain terms that are wholly compatible with the spirit and context of the act. The language of this clause is, that the judge, after the evidence has been placed before him, may " make an order appointing a receiver of the property and things in action belonging, or due to, or held in trust for such debtor as aforesaid, *at the time of the issuing said execution,*

or at any time afterwards, who thereby shall receive authority to possess, receive, and, if need be, in his own name as such receiver, sue for *such property or things* in action."

This act, therefore, in explicit and perspicuous terms, defines the title of the receiver. It is declared that he is to "possess and receive" the property and things in action belonging to or held in trust for the debtor at the time of the issuing of the execution, and it is quite out of the question for the court to say that the will of the legislature is not to be effectuated, and that this officer shall take such property only as remains to the debtor at the date of the constitution of the receivership, or at some subsequent period. Such an interpretation of the clause would obviously expunge from it the phrase, "at the time of the issuing of the execution," and such a mutilation does not seem justifiable, so far as is apparent from any part of the policy which is inherent in this law. The act is remedial, its manifest purpose being to extend the execution lien to the choses in action of the judgment debtor in the event of the requisite measures being taken to create and enforce such lien. The defect to be amended was the inability of the judgment creditor, by a legal proceeding, to reach a certain class of property belonging to his debtor, and when the legislature removed such disability there was assuredly no reason why, in its discretion, it should not establish a procedure whereby a simultaneous lien should obtain under the execution upon every species of property of the defendant in the suit. That there is neither hardship nor injustice in vacating the assignment made to the creditor in the present case, in favor of the receiver, is most conspicuous from the fact that if this judgment creditor, instead of taking steps by force of this act respecting executions, had filed his bill in equity to reach the intangible property of his debtor, and it had appeared that subsequently to the bringing of such suit, and with a knowledge of its pendency, this defendant had taken an assignment of this property in question, a decree requiring the payment of such moneys to the receiver would have been a matter of course. Clearly, therefore, a law cannot be said to be radi-

cally unreasonable that gives to a creditor the same remedy at law which, by an outlay of more money and labor, he could obtain in a court of conscience.

In a case that hinges entirely on the expressions of a statute, the decisions of the courts of other states relative to statutes regulating the same subject, but expressed in various terms, cannot be of much assistance. The cases cited in the brief of counsel from the New York reports are of this character, and although by no means in point it is deemed they, in a general way, are favorable to the statutory construction above expressed.

The plaintiff in this suit, in the opinion of this court, is entitled to recover, and the Circuit Court will be so instructed.